UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| LISA DANNAHOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-00033-FJG |
| v. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and TRAVELER'S NON- ) | |
| TRUSTED EMPLOYEE BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

## AMENDED SEPARATE ANSWER OF
## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

COMES NOW Defendant Metropolitan Life Insurance Company ("MetLife") and, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, amends its Answer and for its Amended Answer to Plaintiff's Complaint states:

1. MetLife admits that Plaintiff, by and through counsel, filed this action against Defendants MetLife and The Travelers Non-Trusteed Employee Benefit Plan (the "Plan"). Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 1.

2. MetLife admits that this action is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1001, *et seq*., that Plaintiff brought this action under 29 U.S.C., Section 1132(a)(1)(B), and that the Court has jurisdiction over this case pursuant to 28 U.S.C. §1331. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 2.

3. MetLife is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3.

1

4. MetLife admits that venue is proper in this judicial district. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 4.

5. MetLife admits that it issued to The Travelers Companies, Inc. ("Travelers") a group policy of disability insurance, Group Policy Number 116440-1-G, which funds long term disability ("LTD") benefits under the Plan. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 5.

6. MetLife admits that the Plan is an employee welfare benefit Plan and that the governing Plan document (the "Plan Document"), which speaks for itself, sets forth the terms and conditions under which a Plan participant is entitled to LTD benefits, subject to all terms, conditions, limitations and exclusions of the Plan. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 6.

7. MetLife realleges and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 6 of Plaintiff's Complaint.

8. MetLife admits, upon information and belief, that Plaintiff began employment with The Travelers Indemnity Company ("Travelers Indemnity") in April 2004.

9. MetLife admits that Plaintiff's Own Occupation (as that term is defined in the Plan Document) prior to her ceasing work with Travelers was as an underwriter and that Travelers Indemnity provided to MetLife a job description, which speaks for itself. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 9.

10. MetLife admits that Travelers Indemnity provided to MetLife a description of Plaintiff's physical job duties, which speaks for itself. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 10.

B. Answering the paragraph under the heading "B. The Definition of 'Disability' Under the Travelers LTD Plan," MetLife states that the Plan Document, at page 23, includes a definition of Disabled or Disability and that Plaintiff's Complaint quotes a portion of the definition. Except as expressly admitted herein, MetLife denies the allegations contained in the paragraph under heading B.

11. MetLife admits that Plaintiff's last day worked for Travelers Indemnity was February 24, 2012. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 11.

12. MetLife admits that Plaintiff submitted to MetLife statements and medical records, which speak for themselves, and which describe various symptoms. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 12.

13. MetLife denies the allegations contained in paragraph 13, except that MetLife admits that Plaintiff submitted to MetLife statements and medical records, which speak for themselves, concerning her treatment.

14. MetLife denies the allegations contained in paragraph 14, except that MetLife admits that Plaintiff submitted to MetLife medical records and statements, all of which speak for themselves. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 14.

15. MetLife denies the allegations contained in paragraph 15, except that MetLife admits that Plaintiff's last day worked for Travelers Indemnity was February 24, 2012.

16. MetLife admits that Plaintiff applied for LTD benefits in April 2012. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 16.

17. MetLife admits that, by letter dated March 27, 2012, it approved Plaintiff's claim for short term disability ("STD") benefits for the period ending April 3, 2012 and that by letter dated April 5, 2012, MetLife extended Plaintiff's STD benefits from April 4, 2012 through April 30, 2012. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 17.

18. MetLife admits that Plaintiff applied for LTD benefits in April, 2012. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 18.

19. MetLife admits that it sent Plaintiff correspondence dated May 24, 2012, which is part of the Administrative Record and speaks for itself. To the extent that the allegations of paragraph 19 are inconsistent with or not a complete and accurate recounting of that document, they are denied.

20. MetLife admits that it sent Plaintiff correspondence dated May 30, 2012, which is part of the Administrative Record and speaks for itself. To the extent that the allegations of paragraph 20 are inconsistent with or not a complete and accurate recounting of that document, they are denied.

21. MetLife admits that Plaintiff submitted a letter dated July 21, 2012, which speaks for itself, and which included the claim number for the STD claim only. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 21.

22. MetLife admits that the Social Security Administration awarded Plaintiff Social Security Disability benefits and so advised Plaintiff by letter dated September 23, 2012. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 22.

23. MetLife denies the allegations contained in paragraph 23, except that MetLife admits that Plaintiff submitted additional medical records in support of her July 21, 2012 appeal.

24. MetLife admits that, by letter dated October 18, 2012, it upheld the termination of Plaintiff's STD claim. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 24.

25. MetLife admits that, by letter dated February 15, 2013, directed to Administrative Committee, The Travelers Companies, Inc., and to MetLife, Plaintiff submitted to Travelers' Administrative Committee a second level appeal of the termination of her STD benefits and also appealed to MetLife the denial of her LTD benefits. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 25.

26. MetLife admits that it sent Plaintiff correspondence dated February 27, 2013, which is part of the Administrative Record and speaks for itself. To the extent that the allegations of paragraph 26 are inconsistent with or not a complete and accurate recounting of that document, they are denied.

27. MetLife admits that, in response to Plaintiff's second-level appeal, the Travelers Administrative Committee approved Plaintiff's claim for STD benefits for the period May 1, 2012 through June 1, 2012, the maximum STD duration. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 27.

28. MetLife admits that, by letter from her attorney dated July 12, 2013, Plaintiff requested a review of her claim for LTD benefits. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 28.

29. MetLife admits that, after a merits review of Plaintiff's LTD claim, it denied the claim by letter dated August 9, 2013 because the medical information on file did not support that Plaintiff was disabled as defined by the Plan. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 29.

5

Case 4:15-cv-00033-FJG   Document 10   Filed 03/10/15   Page 5 of 10

30. MetLife admits that, by letter from her attorney dated February 6, 2014, Plaintiff appealed the denial of her claim for LTD benefits. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 30.

31. MetLife admits that, in support of her February 6, 2014 appeal, Plaintiff submitted information including medical records and office visit notes from her treating rheumatologist, Stephen Ruhlman, M.D., and a sworn statement from Dr. Ruhlman. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 31.

32. MetLife admits that it upheld the denial of Plaintiff's claim for LTD benefits by letter dated May 8, 2014, that after a June 16, 2014 request from Plaintiff's counsel, MetLife reviewed Social Security filings received from Plaintiff's counsel on May 23, 2012, and that after having these additional documents reviewed by an Independent Physician Consultant ("IPC"), MetLife advised Plaintiff's counsel, by letter dated July 10, 2014, that the additional information did not change its appeal determination. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 32.

33. MetLife admits that its May 8, 2014 letter was a final determination of Plaintiff's LTD claim but that MetLife conducted an additional courtesy review at Plaintiff's counsel's request, and advised Plaintiff's counsel by letter dated July 10, 2014 that the additional information provided by Plaintiff did not change MetLife's determination, and that Plaintiff has exhausted her administrative remedies. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 33.

34. MetLife denies the allegations contained in paragraph 34.

35. MetLife denies the allegations contained in paragraph 35.

36. MetLife denies the allegations contained in paragraph 36.

37. MetLife realleges and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 36 of Plaintiff's Complaint.

38. MetLife denies the allegations contained in paragraph 38.

39. MetLife denies the allegations contained in paragraph 39, except that MetLife admits that Plaintiff submitted documents, including medical records, which speak for themselves to MetLife in connection with her STD and LTD claims and to Travelers' Administrative Committee in connection with her second level appeal on her STD claim.

40. MetLife admits that Plaintiff submitted medical records and other documents, which speak for themselves, and which contain statements by her physicians. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 40.

41. MetLife denies the allegations contained in paragraph 41.

42. MetLife denies the allegations contained in paragraph 42.

43. MetLife denies the allegations contained in paragraph 43.

44. MetLife admits that Plaintiff has exhausted her administrative remedies. Except as expressly admitted herein, MetLife denies the allegations contained in paragraph 44.

45. MetLife denies the allegations contained in paragraph 45.

46. MetLife denies the allegations contained in paragraph 46.

47. MetLife denies the allegations contained in paragraph 47.

48. MetLife denies the allegations contained in paragraph 48.

MetLife further denies that Plaintiff is entitled to the relief she seeks in the unnumbered "WHEREFORE" paragraph immediately following paragraph 48 of the Complaint, including subsections (A) through (D).

## GENERAL DENIALS

MetLife generally denies all allegations of the Complaint except for such allegations as are explicitly and specifically admitted above.

## DEFENSES

In further response to the Complaint, MetLife asserts the following defenses. The denomination of any matter below as a defense is not an admission that MetLife bears the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter.

49. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

50. Plaintiff's Complaint seeks LTD benefits under the Plan, an employee welfare benefit plan governed by ERISA, which provides the exclusive remedies for an alleged improper denial of benefits. To the extent, if any, that Plaintiff's Complaint can be construed as asserting any other claims related to LTD benefits, including claims under state law, Plaintiff's claims are preempted and otherwise barred by the applicable provisions of ERISA and binding precedent. *E.g.,* 29 U.S.C. §§ 1132 (a)(1)(B) and 1144. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

51. Plaintiff has failed to satisfy all conditions precedent to her claim for LTD benefits.

52. All determinations regarding Plaintiff's claim for LTD benefits under the Plan were made by MetLife, as claim fiduciary, and MetLife has acted reasonably and in good faith.

53. All determinations regarding Plaintiff's claim for LTD benefits under the Plan were made by MetLife, as claim fiduciary, and were reasonable and based on the information in the Administrative Record, were in accordance with the terms of the Plan, and were not arbitrary and capricious.

54. All determinations regarding Plaintiff's claim for LTD benefits under the Plan were made by MetLife, as claim fiduciary, and were made in the interests of all Plan participants and beneficiaries, and in accordance with the terms and conditions of the Plan documents.

55. Defendant affirmatively alleges that any liability of Defendant, which is denied, is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the applicable Plan documents.

56. Even if Plaintiff is determined to be entitled to LTD benefits at this time, which is denied, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits, given *inter alia* the possibility that Plaintiff could recover from disabling conditions (the existence of which is denied) as well as the effect of different Plan requirements, exclusions and/or limitations.

57. To the extent Plaintiff is determined to be entitled to any LTD benefits, which is denied, any such benefits must be reduced by any Other Income Benefits that should be taken into account in calculating Plaintiff's benefits, including, but not limited to, any benefits Plaintiff has received or may receive from the Social Security Administration or Workers' Compensation.

58. If the Court determines that MetLife materially erred in administering Plaintiff's claim for LTD benefits under the terms of the Plan or applicable law, which is denied, the Court should remand the claim to MetLife for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Metropolitan Life Insurance Company prays to be dismissed with its proper costs and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Ann E. Buckley
Ann E. Buckley        #26970
1139 Olive St., Ste.800
St. Louis, MO 63101
Telephone: (314)621-3434
Facsimile: (314)621-3485
Abuckley@buckleylawllc.com
Attorneys for Defendant Metropolitan Life Insurance Company

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of March, 2015, the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to: Talia Ravis, Law Office of Talia Ravis, P.A., 9229 Ward Parkway, Ste. 370, Kansas City, MO 64114, travis@erisakc.com, Attorney for Plaintiff.

/s/ Ann E. Buckley